IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50926
Summary Calendar
_____


ROBERT F NAYLOR, III

                    Plaintiff - Appellant

        v.

RONALD COLVIN; ET AL

                    Defendants

RONALD COLVIN, Individually and in his Official Capacity

                    Defendant - Appellee

                    _____
            Appeal from the United States District Court
                 for the Western District of Texas
                    USDC No. EP-98-CV-435-H
                    _____
                       June 14, 2000

Before KING, Chief Judge, and POLITZ and DENNIS, Circuit Judges.

PER CURIAM:[*]

        Robert F. Naylor, III, ("Naylor"), acting pro se, appeals

the district court's summary-judgment dismissal of his suit

against Ronald Colvin ("Colvin"), an official in the United

States Customs Service ("Customs Service").  Naylor argues that

the district court erred in dismissing his 42 U.S.C. § 1985(3)

claim without reopening discovery and in dismissing his claim

under Bivens v. Six Unknown Named Agents of Fed. Bureau of

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

<u>Narcotics</u>, 403 U.S. 388 (1971), on the basis of qualified immunity.

Naylor asserts that the statement in his response to the defendants' motion for dismissal or for summary judgment regarding his need for discovery was a request for a continuance to allow discovery. However, Naylor's statement was made moot by his subsequent agreement to the abatement of discovery until further order of the court. Thus, the district court did not err in failing to reopen discovery prior to granting summary judgment on Naylor's § 1985(3) claim.

Naylor contends that his <u>Bivens</u> claim should be analyzed as though he had been a government employee. By his own admission, however, Naylor was neither a government employee nor an independent government contractor; rather, he was the employee of an independent government contractor. Naylor's relationship with the Customs Service was not analogous to an employment relationship, as Naylor's actual employer was interposed between the parties, and his allegedly restricted speech was not a mere workplace grievance, as it did not relate to the employment relationship from which he was terminated. See <u>Blackburn v. City of Marshall</u>, 42 F.3d 925, 932-34 (5th Cir. 1995). This case is therefore not subject to review under the framework for analyzing a free speech-retaliation claim by a government employee or contractor. See <u>id.</u>; see also <u>Board of County Comm'rs, Wabaunsee County, Kan. v. Umbehr</u>, 518 U.S. 668, 675, 686 (1996).

Even outside the employment or contractual relationship context, the Government may not deny a valuable government

benefit to a person on a basis that infringes his constitutionally protected interest in freedom of speech. See Blackburn, 42 F.3d at 931, 934. However, Naylor has failed to allege that he was denied any government benefit in retaliation for his alleged statements regarding problems with the CargoSearch unit. Accordingly, Naylor did not allege a violation of his constitutional rights, and Colvin was entitled to qualified immunity. See Petta v. Rivera, 143 F.3d 895, 899-900 (5th Cir. 1998). The district court did not err in granting Colvin summary judgment on the Bivens claim.

AFFIRMED.